# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RONALD W. STONE, individually and as judgment creditor and holder of certain rights of CLIFTON MYERS FINANCIAL ADVISORY, INC. AND CLIFTON MYERS,** *Plaintiff* | § § § § § § § | |
| v. | § § | Case No. 1:21-CV-00960-LY |
| **NATIONWIDE MUTUAL INSURANCE CO. d/b/a NATIONWIDE INSURANCE, NATIONAL CASUALTY COMPANY, WM. G. UHL AGENCY, INC., PROFESSIONAL AGENTS RISK PURCHASING GROUP, INC., and BENNIE SMITH,** *Defendants* | § § § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
      **UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendant Nationwide Mutual Insurance Company's and Defendant National Casualty Company's Motion for Partial Dismissal Pursuant to Rules 12(b)(6) and 9(b), filed October 29, 2021 (Dkt. 5); Defendant Professional Agents Risk Purchasing Group, Inc. d/b/a National Association of Professional Agents' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and Alternative Motion for More Definite Statement, filed November 22, 2021 (Dkt. 12); and the associated response and reply briefs. On December 1, 2021, the District Court referred the motions to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 17.

## I. Background

On November 29, 2018, Plaintiff Ronald Stone brought a Financial Industry Regulatory Authority ("FINRA") arbitration action against his investment advisor, Clifton Myers, and his firm, Clifton Myers Financial Advisory, Inc., for allegedly mismanaging his retirement portfolio. Plaintiff's First Amended Original Petition (Dkt. 1-2) ¶¶ 11-12. Myers had a professional liability insurance policy issued by Defendant Nationwide Insurance ("Nationwide") on behalf of Defendant National Casualty Company ("NCC") that provided up to $1 million for covered claims. *Id.* ¶ 13. Myers obtained the policy through Defendant Professional Agents Risk Purchasing Group, Inc. d/b/a National Association of Professional Agents ("NAPA") and its agents. *Id.*

After Stone filed the arbitration action, Myers notified his insurer of the arbitration and submitted a claim within his policy period. *Id.* ¶ 14. He consulted with NAPA agents, including Defendant Bennie Smith, regarding the claim submission and coverage process. *Id.* ¶ 15. Neither Smith nor any other NAPA agent informed Myers that "he needed to submit the claim in some different manner for Nationwide to consider the claim." *Id.* In October 2019, Nationwide and its affiliates failed to renew Myers' coverage, causing the policy to lapse. *Id.* ¶ 16. Two months later, Nationwide notified Myers that it would not cover the FINRA arbitration because Myers "submitted the claim the wrong way" by sending it to the wrong person. *Id.* Nationwide later informed Myers that it denied the claim because it was outside the policy period. *Id.*

On October 20, 2020, the FINRA arbitration panel issued a unanimous award for Stone, granting him compensatory damages, attorney's fees, costs, and post-judgment interest. *Id.* ¶ 17. On March 17, 2021, Stone obtained a final judgment consistent with the arbitration award in state court. *Id.* ¶ 18. The state court subsequently entered a Turnover Order granting Stone all rights that Myers and his firm possessed "concerning any wrongful denial of insurance coverage or claims made the basis of the Arbitration Award." *Id.* Specifically, the Turnover Order provided that:

> Plaintiff in this cause is entitled to the right to any cause of action Defendants Clifton Myers Financial Advisory, Inc. and Clifton Myers, might have against any liability insurance carrier, as well as any agents, representatives, and affiliates, . . . including but not limited to Nationwide on behalf of National Casualty Company (Nationwide) and the Uhl Agency, whether that cause of action is based upon contract, tort, statute, or otherwise.
> . . . Plaintiff is further entitled to such causes or causes of action which might be by virtue of the Texas Deceptive Trade Practices Act or Articles 541 and 542 of the Texas Insurance Code.

Dkt. 8 at 33.

On September 13, 2021, Stone, individually and as judgment creditor of Myers and his firm, filed this suit against Nationwide, NCC, and Wm. G. Uhl Agency Inc. *Stone v. Nationwide Mut. Ins. Co.*, No. 21-1491-C26 (26th Dist. Ct., Williamson Cnty., Tex. Sept. 13, 2021); Dkt. 1-1 at 4. Stone later amended his petition to add NAPA and Smith as defendants. Dkt. 1-2 ¶¶ 5-6. Stone alleges that Defendants breached the insurance contract with Myers by failing to provide coverage for the FINRA arbitration claim. *Id.* ¶ 20. Stone also asserts claims for fraud, fraudulent inducement, fraud by non-disclosure, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and Chapter 541 of the Texas Insurance Code. *Id.* ¶¶ 22-34. Stone later dismissed Defendant Wm. G. Uhl Agency Inc. from the suit. Dkt. 1-4 at 2.

On October 25, 2021, Nationwide and NCC removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Dkt. 1. Nationwide, NCC, and NAPA (collectively, "Defendants") now move to dismiss Stone's claims for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## II.   Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.    Analysis

Defendants move to dismiss Stone's DTPA, Texas Insurance Code, fraud, and negligent misrepresentation claims for failure to state a claim. Defendants argue that Myers' DTPA and Texas Insurance Code claims are not assignable to Stone. Defendants further argue that Stone has not pled facts sufficient to support his claims for fraud and negligent misrepresentation. NAPA also seeks dismissal of Stone's breach of contract claim, arguing that Stone failed to plead facts showing he was a party to a contract with Myers.

**A. DTPA**

First, Defendants argue that Stone fails to state a claim under the DTPA because Texas law prohibits the assignment of DTPA claims from Myers to Stone. Stone responds that judgments and causes of action are freely assignable under the Texas Property Code, which allows him to pursue Myers' DTPA claims against Defendants.

Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). "The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no pet.)). A consumer is "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4). To qualify as a consumer under the DTPA, a plaintiff must satisfy two requirements: (1) the person must have sought or acquired goods or services, and (2) the goods or services purchased or leased must form the basis of the complaint. *Hopkins v. Green Dot Corp.*, No. 5:16-CV-365-DAE, 2016 WL 4468272, at *4 (W.D. Tex. Aug. 24, 2016) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981)).

The Texas Supreme Court has held that DTPA claims "generally cannot be assigned by an aggrieved consumer to someone else." *PPG Indus., Inc. v. JMB/Houston Ctrs. P'ship*, 146 S.W.3d 79, 92 (Tex. 2004). The court explained that

> assigning DTPA claims would defeat the primary purpose of the statute—to encourage individual consumers to bring such claims themselves. Additionally, we find that the personal and punitive aspects of DTPA claims cannot be squared with a rule allowing them to be assigned as if they were mere property.

5

*Id.* at 82; *see also Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 407 F. Supp. 3d 641, 654 (W.D. Tex. 2019) (finding that plaintiff lacked standing to bring DTPA claim despite bankruptcy court order assigning claims relating to insurance policy); *Dewayne Rogers Logging, Inc. v. Propac Indus.*, 299 S.W.3d 374, 387 (Tex. App.—Tyler 2009, pet. denied) (holding that plaintiff did not have DTPA standing by subrogation or assignment).

Stone alleges that "Myers, on behalf of his Financial Advisory, had a liability insurance policy covering [the FINRA] arbitration with Nationwide Insurance, on behalf of National Casualty Company." Dkt. 1-2 ¶ 13. He further alleges that "Myers obtained the policy through NAPA and its agents." *Id.* Stone does not allege that he is a consumer who sought or obtained goods or services from Defendants, but rather that he "obtained all rights Clifton Myers and his Financial Advisory hold concerning any wrongful denial of insurance coverage or claims" through the Turnover Order. *Id.* ¶ 18. Stone's failure to plead that he sought or obtained goods or services "is fatal, because only a consumer, under the DTPA, can bring a DTPA claim." *Yee v. CitiMortgage, Inc.*, No. EP-12-CV-290-KC, 2013 WL 12116345, at *3 (W.D. Tex. Mar. 11, 2013) (citing *Doe*, 907 S.W.2d at 478) (dismissing DTPA claim for failure to state a claim because plaintiff was not a consumer). Because Stone has not pled facts sufficient to show he is a consumer under the DPTA, the Court recommends that Stone's DTPA claims be dismissed with prejudice.

### B. Texas Insurance Code

Next, Defendants argue that Stone fails to state a claim for violations of Chapter 541 of the Texas Insurance Code because, like his DTPA claims, Myers' insurance code claims are not assignable. Section 541.060 of the Texas Insurance Code states, in pertinent part:

6

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
>   (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
>   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
>     (A) a claim with respect to which the insurer's liability has become reasonably clear; . . .
>
>   (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

TEX. INS. CODE ANN. § 541.060 (West 2021).

The Texas Supreme Court has not directly addressed whether claims for violations of the Texas Insurance Code are assignable. But the "overwhelming weight of persuasive authority holds that claims under chapter 541 of the Texas Insurance Code may not be assigned." *Texas Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 620 SW.3d 458, 468-69 (Tex. App.—Dallas 2021, pet. filed) (collecting cases). Drawing on *PPG*, "federal courts have recognized the Insurance Code is similarly 'personal and punitive,' and have extended the *PPG* holding to bar assignment of claims under the Insurance Code." *Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-00005 (RCL), 2016 WL 5942327, at *6 (W.D. Tex. Oct. 12, 2016) (finding that assignment of claims against insurance company cannot include claims under Chapter 541); *see also Great Am. Ins. Co. v. Fed. Ins. Co.*, No. 3:04-CV-2267-H, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006) ("In fact each and every policy argument articulated by the Texas Supreme Court against assignment of a DTPA claim applies with equal force under the Texas Insurance Code.").

Stone asserts that Defendants violated Texas Insurance Code § 541.060 by "misrepresenting material facts relating to the coverage and claims at issue" and "making untrue statements of material fact regarding coverage under the policy" to Myers. Dkt. 1-2 ¶¶ 26-27. Stone does not

allege any facts showing that he was an insured covered by Chapter 541 of the Insurance Code or that Defendants made misrepresentations to him regarding his policy or the claims process. *Id.* Stone's allegations that he is bringing the claims against Defendants as Myers' assignee are insufficient to state a claim because claims for violations of Texas Insurance Code Chapter 541 cannot be assigned. Accordingly, the undersigned recommends that the District Court dismiss Stone's claims under Chapter 541 of the Texas Insurance Code with prejudice.

### C. Fraud and Negligent Misrepresentation

Defendants argue that Stone's claims for fraud and negligent misrepresentation fail to identify what representations allegedly were fraudulent, when and by whom they were made, and whether the claims encompass some or all Defendants. Defendants further argue that Stone merely recites elements of the claims rather than alleging facts to state the claims.

A complaint alleging fraud must satisfy the heightened pleading standard of Rule 9(b), which provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit Court of Appeals applies the heightened pleading requirements of Rule 9(b) to negligent misrepresentation claims when the fraud and negligent misrepresentation claims are based on the same set of alleged facts. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003).

At a minimum, "Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). "In other words, to properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where and why as to the fraudulent conduct." *In re Life Partners Holdings*, 926 F.3d 103, 117 (5th Cir. 2019).

8

Pleadings that fail to distinguish among defendants and allege the role of each generally are prohibited when a complaint is subject to Rule 9(b). *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 287 (5th Cir. 2006); *U.S. v. Kindred Healthcare, Inc.*, No. 1:18-cv-00806-RP, 2020 WL 7771217, at *6 (W.D. Tex. Dec. 30, 2020). Attributing discrete actions to all defendants without explaining the basis for the grouping or distinguishing between the relevant conduct is improper under Rule 9(b)'s heightened pleading standard. *Id.*

Stone does not allege facts sufficient to support either his fraud claims or his negligent misrepresentation claims with the specificity required by Rule 9(b). First, Stone fails to differentiate among Defendants in many of his allegations, which does not satisfy the heightened pleading requirements of Rule 9(b). *See* Dkt. 1-2 ¶¶ 31-32, 34. Second, Stone does not provide any facts regarding who made the alleged representations, when and where they were made, what they concerned, and why Myers was defrauded or misled. Because Stone fails to plead his fraud and negligent misrepresentation claims with the specificity required by Rule 9(b), he has failed to state claims for fraud and negligent misrepresentation.

### D. Breach of Contract

Finally, NAPA argues that Stone's breach of contract claim fails because he did not plead facts showing that Myers had a contract with NAPA. Stone responds that he did not assert a breach of contract claim against NAPA. Accordingly, to the extent that Stone asserts a breach of contract claim against NAPA, the undersigned recommends that the District Court grant NAPA's Motion to Dismiss that claim with prejudice.

### IV. Request for Leave to Amend

In his response briefs, Stone seeks leave to amend his pleading if the Court grants any part of Defendants' Motions to Dismiss. Dkt. 8 at 16; Dkt. 19 at 16. Stone further asserts that he has pled

9

violations of Chapter 542 of the Texas Insurance Code, which he argues are assignable, but seeks leave to amend his Petition "if more clarity is required" as to those claims. Dkt. 8 at 10.

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires." Courts properly exercise their discretion to deny leave to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021). Absent such factors, leave to amend should be "freely given." *Id.*

Pursuant to Rule 15(a)(2), the undersigned Magistrate Judge recommends that the District Court grant Defendants' Motions to Dismiss as to Stone's fraud and negligent misrepresentation claims without prejudice and grant Stone leave to amend his First Amended Petition as to those claims. The Court further recommends that Stone be granted leave to amend to add a claim for violations of Chapter 542 of the Texas Insurance Code.

## V.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** (1) Defendant Nationwide Mutual Insurance Company's and Defendant National Casualty Company's Motion for Partial Dismissal Pursuant to Rules 12(b)(6) and 9(b) (Dkt. 5), and (2) Professional Agents Risk Purchasing Group, Inc. d/b/a National Association of Professional Agents' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and Alternative Motion for More Definite Statement (Dkt. 12).

The Court **FURTHER RECOMMENDS** that the District Court (1) dismiss Plaintiff's claims under the DTPA and Texas Insurance Code Chapter 541 against Nationwide, NCC, and NAPA with prejudice; (2) dismiss Plaintiff's breach of contract claim against NAPA with prejudice; and

(3) dismiss Plaintiff's claims for fraud and negligent misrepresentation against Nationwide, NCC, and NAPA without prejudice.

If the District Court adopts this Report and Recommendation, all of Plaintiff's claims against Professional Agents Risk Purchasing Group, Inc. d/b/a National Association of Professional Agents will be dismissed, and only Plaintiff's breach of contract claim against Nationwide Mutual Insurance Company and National Casualty Company will remain.

The Court further **RECOMMENDS** that the District Court **GRANT** Plaintiff leave to file an amended complaint consistent with the recommendations herein.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 2, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE