IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RONALD W. STONE INDIVIDUALLY, § <br> AND AS JUDGMENT CREDITOR § <br> ASSIGNEE AND HOLDER OF § <br> CERTAIN RIGHTS OF § <br> CLIFTON MYERS FINANCIAL § <br> ADVISORY, INC. AND § <br> CLIFTON MYERS § <br>     *Plaintiff,* § <br> v. § <br> § <br> NATIONWIDE MUTUAL INSURANCE § <br> COMPANY D/B/A NATIONWIDE § <br> INSURANCE, NATIONAL CASUALTY § <br> COMPANY, § <br> § <br>     *Defendants.* § | CIVIL ACTION NO. 1:21-cv-00960-DAE |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S AND DEFENDANT NATIONAL CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND SUMMARY JUDGMENT BRIEFING DEADLINES**

Defendants Nationwide Mutual Insurance Company and National Casualty Company (collectively "Defendants") file this *Response to Plaintiff's Motion to Extend Summary Judgment Briefing Deadlines*, and in support thereof would respectfully show the Court as follows:

1. Defendants are unopposed to extending the deadline for Plaintiff to respond to the motion for summary judgment. Defendants respond to address the discovery issues raised by Plaintiff in its motion for extension of time.

2. Defendants timely filed a motion for summary judgment on December 16, 2022, which was the deadline for dispositive motions.[1] At 10:04 p.m. the night before that deadline, Plaintiff's

---

[1] Doc. No. 45, Defendants Nationwide Mutual Insurance Company and National Casualty Company's Motion for Summary Judgment; Doc. No. 26, Joint Proposed Scheduling Order.

1

counsel sent an e-mail requesting Defendants supplement interrogatory answers.[2] Plaintiff's counsel also vaguely requested production of "several communications" between Nationwide and former defendant in this matter Bennie Smith, and further requested dates for the depositions of two individuals and a corporate representative of National Casualty Company on a total of 18 topics.[3] Many of the 18 requested topics for the corporate representative, from Defendants' perspective, are vague and overbroad and conferral is needed.[4]

3. Defendants contend they previously produced all responsive non-privileged documents and Plaintiff has not identified any specific documents that have not been produced. With regard to interrogatory answers, Defendants submit that the interrogatory answers properly refer to the claim documentation produced by Defendants. Nevertheless, Defendant will supplement its interrogatory answers and will provide last known contact information for any former employees. Defendants also intend to depose Clifton Myers in his individual capacity and as representative of Clifton Myers Financial Advisory, Inc., and the plaintiff Ronald Stone.

---

[2] Doc. 47-1, Page 1 of 5, Plaintiff's 12/15/22 Email Correspondence with Defendant.

[3] Doc. 47-1, Page 1, Plaintiff's 12/15/22 Email Correspondence with Defendant.

[4] Doc. 47-1, Pages 2-5, Plaintiff's 12/15/22 Email Correspondence with Defendant.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANTS NATIONWIDE MUTUAL INSURANCE COMPANY AND NATIONAL CASUALTY COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF on this the 5th day of January, 2023 to:

Tyler Talbert
Benjamin C. Yelverton
Scanes Yelverton Talbert, LLP
7901 Fish Pond Road, Suite 200
P.O. Box 20965
Waco, Texas 76702
talbert@scanesrouth.com
yelverton@scanesrouth.com

Jason T. Albin
ChapmanAlbin, LLC
700 West St. Clair Avenue, Suite 200
Cleveland, Ohio 44113
jalbin@chapmanlegal.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp